Alfonso de Cumpiano, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
En los cuatro recursos señalados en el epígrafe se nos solicita Revisión de las resoluciones de la Junta de Apelación de la Oficina del Contralor (Junta de Apelación) que denegaron las reclamaciones de los recurrentes en solicitud de aumentos salariales por diferentes períodos de tiempo. Debido a la similitud de los planteamientos, consolidamos los recursos.
I
Las controversias que nos plantean los recurrentes surgen como consecuencia del aumento salarial reconocido por este Tribunal a un gmpo de empleados de la Oficina del Contralor, recurrentes en el caso Asociación de Auditores de la Oficina del Contralor, et als v. Oficina del Contralor de Puerto Rico, Núm. KLAA-96-00303.
En dicho recurso, el Tribunal consideró la enmienda efectuada por el Contralor al Reglamento del Sistema de Personal de la Oficina del Contralor (el Reglamento), efectiva al 10 de julio de 1992. Esa enmienda consistió en el aumento del término de tres (3) a cinco (5) años para que los empleados que no hubiesen recibido ascenso o aumento, recibieran un aumento. Mediante sentencia de 30 de junio de 1997, reafirmada en resolución de 25 de febrero de 1998, este Tribunal reconoció, en el referido caso, la autoridad del Contralor para enmendar el Reglamento y dispuso la aplicación del Reglamento anterior a los empleados recurrentes a *857 quienes les faltaban sólo tres (3) meses para cumplir los tres (3) años para el aumento al entrar en vigor el nuevo Reglamento. Dichos empleados tenían acumulados dos (2) años y nueve (9) meses al lo de octubre de 1992.
Con motivo de ese dictamen, los aquí recurrentes formularon ante la Oficina del Contralor, y luego ante la Junta de Apelación, los planteamientos que se identifican por los recursos mencionados a continuación.
-A-
Núm. KLRA-99-00199 y Núm. KLRA-99-00219
Los recurrentes, en estos dos recursos, formaron parte del caso Núm. KLAA-96-00303. Conforme a lo resuelto por este Tribunal en dicho caso, la Oficina del Contralor les otorgó el aumento de salarios por años de servicio, efectivo al año 1992. Invocando el referido caso, los recurrentes solicitaron del Contralor aumentos de sueldo por años de servicio computados en períodos de tres (3) años a partir del 1992. El Contralor les denegó la solicitud y la Junta de Apelación les denegó la apelación sobre esa determinación mediante las resoluciones recurridas. En éstas, la Junta formuló determinaciones de hechos y de derecho y concluyó que la decisión de este Tribunal en el Núm. KLAA-96-00303 estaba limitada al período de 1989-1992 y no era aplicable a períodos posteriores, en bloques de tres (3) años. Por tanto, decidió que el Contralor actuó correctamente al denegar a los recurrentes los aumentos solicitados, por no haber transcurrido el término de cinco (5) años establecido en el nuevo Reglamento.
Los recurrentes argumentan ante nos que erró la Junta de Apelación, en síntesis, por el fundamento de que el cambio reglamentario tiene que ser necesario y tener un fundamento racional para que la agencia pueda enmendar el Reglamento en menoscabo de obligaciones contractuales. Implican que este Tribunal declaró ilegal la enmienda al Reglamento en el recurso que instaron previamente. Por tanto, entienden que a ellos les aplican los aumentos cada tres (3) años como disponía el anterior Reglamento y no cada cinco (5) años como dispone el vigente.
Evaluamos esos planteamientos, conforme las normas que rigen nuestra función revisora de las decisiones administrativas, bajo las cuales debemos sostener las determinaciones de hechos de las agencias si se basan en evidencia sustancial que obra en el expediente. Las conclusiones de derecho serán revisables en todos sus aspectos. Misión Industrial de P.R. v. Junta de Planificación, et als, _ D.P.R. _ (1997), 97 J.T.S. 34, pág. 719; sección 4.5 de la Ley Núm. 170 de 12 de agosto de 1988, según enmendada, Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. sec. 2175. Las decisiones administrativas no se dejarán sin efecto a menos que se determine que la agencia actuó de manera arbitraria, ilegal o tan irrazonable que su actuación constituye un abuso de discreción. Fuertes y otros v. A.R.P.E., 134 D.P.R. _ (1993), 93 J.T.S. 165, pág. 11385.
En los recursos bajo consideración, los recurrentes no cuestionan las determinaciones de hechos, sino el derecho aplicado por la Junta de Apelación. Nuestra Revisión de los fundamentos utilizados por dicha Junta para denegar las apelaciones indica que no erró ésta en sus conclusiones de derecho. El Contralor está facultado por ley para adoptar y promulgar la reglamentación necesaria para el mejor desempeño de sus funciones, siempre y cuando ello no resulte incompatible con la ley vigente y la Constitución del Estado Libre Asociado de Puerto Rico. Artículo 14 de la Ley Núm. 9 de 24 de julio de 1952, según enmendada, 2 L.P.R.A. see. 84. No está en discusión que el procedimiento llevado a cabo para adoptar la enmienda al Reglamento se ajustó a las disposiciones reglamentarias, habiéndose dado oportunidad a los empleados de la Oficina del Contralor para expresarse en tomo a la misma.
*858 La aplicación del nuevo Reglamento a los empleados en funciones al momento de su adopción no menoscaba obligaciones contractuales. La disposición constitucional que prohibe el menoscabo de obligaciones contractuales no constituye una prohibición absoluta que imjpida el poder de reglamentación del Estado. Debe sostenerse la validez del “menoscabo, si éste surge como consecuencia de una modificación razonable y necesaria, dirigida a adelantar un interés público. ” Bayrón Toro v. Serra, 119 D.P.R. 605 (1987).
La enmienda efectuada al Reglamento para conceder aumentos salariales cada cinco (5) años, en lugar de cada tres (3) años, no es, a nuestro juicio, irrazonable. Su adopción tiene como base la facultad del Contralor de adoptar reglas necesarias al funcionamiento del organismo que dirije. Los recurrentes no han derrotado la presunción de corrección de tal actuación No hay base en derecho alguna para sostener que la aplicación de la enmienda a los recurrentes, a partir de 1992, menoscaba las obligaciones contractuales.
Finalmente, la contención de los recurrentes de que este Tribunal declaró nula e ilegal la actuación del Contralor al enmendar el Reglamento, no encuentra apoyo en la sentencia emitida por este Tribunal. El aumento a 1992 que les fue reconocido en la aludida sentencia, les fue otorgado por el Contralor. La sentencia no les reconoció aumentos cada tres (3) años a partir de 1992.
En conclusión, los recurrentes en los recursos Núm. KLRA-99-00199 y KLRA-99-00219, no tienen razón en sus planteamientos, puesto que no tienen derecho a reclamar aumentos cada tres (3) años a partir de 1992 bajo el Reglamento anterior.
-B-
Núm. KLRA-99-00192 y Núm. KLRA-99-00220
Los recurrentes, en estos dos recursos, no formaron parte del citado caso Núm. KLAA-96-00303, salvo por la Sra. Nilsa Candelario Rosas y el Sr. José Falgas Orozco. Amparándose en lo resuelto en dicho caso, solicitaron aumentos de sueldo por períodos de tres (3) años, lo que les fue denegado por el Contralor y posteriormente denegado en apelación por la Junta de Apelación. En la resolución recurrida la Junta de Apelación formuló determinaciones de hechos y conclusiones de derecho y concluyó que la denegatoria de aumento del Contralor es correcta, ya que a la fecha en que los recurrentes solicitaron aumento no había transcurrido el término de cinco (5) años establecido en el nuevo Reglamento.
Los recurrentes alegan ante este Tribunal que erró la Junta de Apelación en su denegatoria. Discuten su señalamiento de error refutando varios fundamentos utilizados por la Junta de Apelación en las resoluciones recurridas. Específicamente señalan que la Junta cometió error al determinar que no tenía jurisdicción para entender en los planteamientos de impugnación del Reglamento, porque los recurrentes no lo impugnaron en tiempo; al señalar que la sentencia dictada en un procedimiento no obliga a aquellos que no fueron parte en el mismo; al disponer que las actuaciones administrativas se presumen correctas, y al indicar que a la fecha de ellos reclamar estaba vigente la norma de cinco (5) años establecida en el nuevo Reglamento.
Al evaluar los referidos planteamientos, añadimos a las normas de Revisión de las decisiones administrativas, que señalamos previamente, que la Revisión por este Tribunal se da del dictamen recurrido y no de sus fundamentos. Entendemos que la Junta de Apelación no cometió error al denegar los reclamos de los recurrentes, que éstos no han derrotado la presunción de corrección de la actuación administrativa y que no han controvertido determinaciones de hechos para demostrar que la Junta de Apelación actuó de manera contraria al récord o expediente.
En primer lugar, independientemente de que la Junta de Apelación indicó que la impugnación de la *859 enmienda al Reglamento era tardía y que no tenía jurisdicción para atenderla, lo cierto es que consideró el planteamiento e incluyó las razones para sostener su validez en sus conclusiones de derecho. Dispusimos en la discusión de la Parte A de esta resolución, en cuanto a los otros dos recursos, que la Junta no erró al señalar las facultades legales del Contralor para adoptar reglamentación al concluir que se siguió el procedimiento dispuesto para la adopción de la enmienda en cuestión y al determinar que ésta no menoscaba obligaciones contractuales. Reiteramos lo previamente señalado para sostenter que no erró la Junta al denegar la impugnación de los recurrentes.
En cuanto al reclamo de la aplicación de la sentencia en el Núm. KLAA-96-00303 a los recurrentes que no fueron parte de ese caso y a la determinación de la Junta de Apelación de que a la fecha de la reclamación estaba vigente la norma de cinco (5) años, es necesario traer a colación los hechos que surgen del expediente, frente a las alegaciones de los recurrentes. Alegan algunos que procede se le conceda el aumento, ya que todos los empleados reclamantes se encontraban en la misma situación del grupo anterior a los que se les reconoció por el caso decidido por este Tribunal, el derecho a dicho aumento. Véanse págs. 3 (párrafo 5), 6, 7 y 8 del Núm. KLRA-99-00192. Otros alegan que son empleados desde 1992 en la Oficina del Contralor y que deben recibir aumentos de salarios en períodos no mayores de tres (3) años. Véanse páginas 3 (párrafo e) y 11 del Núm. KLRA-99-00220.
Respecto a la solicitud de que se les concedan aumentos de sueldo en bloques de tres (3) años a partir del 1992, nos remitimos a los fundamentos previos para determinar que no tienen derecho a esa petición. En relación con la alegación de que están en la misma situación que los recurrentes en el Núm. KLAA-96-00303, el expediente no sustenta esa posición.
En ambas resoluciones recurridas, la Junta de Apelación incluyó en las determinaciones de hechos lo siguiente:

“10. Al momento de ser efectiva la enmienda o sea al 1ro de julio de 1992, los apelantes no tenían derecho a aumento alguno, ya que no había transcurrido el término de tres (3) años que disponía el Reglamento anterior. ”

El examen de los expedientes, en específico de las comunicaciones dirigidas por los recurrentes al Contralor en solicitud de aumentos de salarios, demuestra que varios de los solicitantes no eran empleados de la Oficina del Contralor al momento de solicitar el aumento al 1992. Otros indicaron ser empleados desde antes de junio de 1992 y pidieron aumentos a partir de junio de 1992, octubre de 1992 ó a partir de 1993. Aunque en las apelaciones ante la Junta de Apelación y ante este Foro, los recurrentes alegaron que al 1992 tenían tres (3) años sin aumentos en igualdad de condiciones que los recurrentes a quienes se refiere la Parte A de esta resolución, el expediente no confirma ese hecho en cuanto a todos los recurrentes. Estos no han demostrado tener derecho a aumento al 1992. No queda, por tanto, derrotada la determinación de la Junta de Apelación a los efectos de que al entrar en vigor el Reglamento, no habían acumulado los tres (3) años y que, por tanto, no tenían derecho al aumento. Por otra parte, queda sustentado el que a la fecha a que se refieren sus reclamaciones, estaba vigente la norma de cinco (5) años.
Sabido es que corresponde a la parte que recurre demostrar que el organismo administrativo cometió error en sus determinaciones de hechos. No basta con hacer alegaciones basadas en inferencias o especulaciones, puesto que la revisión judicial de la decisión administrativa se limita al récord o expediente. La presunción de corrección de la determinación administrativa no ha sido rebatida en este caso.
En definitiva, no erró la Junta de Apelación en su determinación de no aplicar el Reglamento anterior a los *860 recurrentes, ni por el período anterior a 1992, ni en los períodos posteriores, por lo que procede denegar Ips recursos Núm. KLRA-99-00192 y Núm. KLRA-99-00220.
En virtud de todo lo anterior, y no mediando arbitrariedad, ilegalidad o irrazonabilidad en las resoluciones recurridas, se deniega la expedición de los recursos Núm. KLRA-99-00219, Núm. KLRA-99-00199, Núm. KLRA-99-00192 y Núm. KLRA-99-00220.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 2000 DTA 41
1. Estos comparecen también como recurrentes en el Núm. KLRA-99-00199, lo que es inconsecuente, gn vista de la consolidación de los recursos.
2. Véase, por ejemplo, Apéndice al Núm. KLRA-99-00192, págs. 28, 49, 54, 69, 102.
3. Ibid., págs. 33, 38, 43, 63, 78, 82; Apéndice al Núm. KLRA-99-00220, págs. 20, 23, 43 (escritos de apelación y reconsideración).